UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN POPE,<br><br>　　　　　　Plaintiff,<br>v.<br>JACK PALMER, et al.,<br><br>　　　　　　Defendants. | Case No. 3:13-cv-00357-MMD-VPC<br><br>ORDER |

This prisoner civil rights action comes before the Court: (a) for initial review of the amended complaint under 28 U.S.C. § 1915A (dkt. no. 16); and (b) on defendants' motion for screening (dkt. no. 17). The Court defers action on the pauper application at this time.

**I.  SCREENING**

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal

conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972).

As the Ninth Circuit has explained, a pleading that says too much can violate federal pleading rules just as can a pleading that says too little:

> . . . . Rule 8 requires that a pleading "must contain" a "short and plain statement" of the grounds for jurisdiction and the claim, as well as a demand for relief sought. Fed.R.Civ.P. 8(a). Violations of this Rule warrant dismissal, but there are multiple ways that it can be violated. One well-known type of violation is when a pleading says too little — the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Rule is also violated, though, when a pleading says too much. *Cafasso, U.S. ex rel. v. Gen.*

*Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held—and we know of no authority supporting the proposition—that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

*Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013).

Moreover, under Local Rule LSR 2-1, a plaintiff filing a civil rights action must use the Court's required civil rights complaint form. A plaintiff must follow all instructions in the complaint form. *Inter alia*, the instructions for the complaint form permit a plaintiff to assert only one constitutional violation per count.

In the present case, plaintiff's amended complaint uses 32 pages to present three counts alleging, *inter alia*, that: (a) in 2011, Northern Nevada Correctional Center (NNCC) officials terminated all chapel activities that used inmate facilitators, including those for Kripalu and Siddha Yoga, which also eliminated associated access to materials stored in the chapel; (b) in August 2012, NNCC officials returned materials mailed to plaintiff by a Kripalu and Siddha Yoga organization without prior notice to him; (c) NNCC officials denied plaintiff a lacto-vegetarian diet allegedly associated with Kripalu and Siddha Yoga; (d) NNCC officials required inmates to mark Kripalu and Siddha Yoga materials as personal property and then would not allow them to share the personally-marked materials with other inmates; (e) NNCC officials at some point obstructed, delayed, and/or denied gate access to outside sponsors coming to the prison to conduct Kripalu and Siddha Yoga activities; (f) NNCC officials did not include practitioners of Kripalu and Siddha Yoga in the "information loop" when discussing proposed revisions to rules and policies with other religious groups; (g) defendant Stogner engaged in allegedly similar practices when plaintiff previously was held at Ely State Prison; (h) defendant Baca verbally assaulted and threatened plaintiff at some point following a confrontation over Baca requiring that the lights not be dimmed during Kripalu and Siddha Yoga sessions; and (i) based upon a letter that plaintiff sent to a

///

3

Siddha Yoga practitioner, plaintiff believes that defendants have conspired to deny him his constitutional rights.

Plaintiff can state the foregoing claims in far less than 32 pages. At present, the pleading contains too much irrelevant detail and overlapping material for the Court to efficiently screen the complaint and for defendants to be directed to respond.

The excessive length of the amended complaint is due, *inter alia*, to: (a) the extensive background detail included regarding, *inter alia*, the history of Kripalu and Siddha Yoga, plaintiff's individual training in the discipline, and the level of advancement of various outside practitioners, such as how many years a practitioner studied with the Dalai Lama; (b) similarly unnecessarily exhaustive background blow-by-blow detail regarding exchanges at group meetings, individual conversations, and correspondence, including plaintiff's feelings as a result of the exchanges and descriptions of why it took time to arrange a particular meeting given plaintiff's then classification level; (c) commentary as to how respectful and tactful plaintiff was in the sundry exchanges and how allegedly rude and disrespectful prison officials were; (d) lengthy legal argument, with extensive case citation, as to, *inter alia,* why the allegations state a claim for relief, the application of the continuing violation doctrine, and/or the administrative exhaustion requirement, including a three-page argument on exhaustion; (e) recitals of the grievance history on each alleged violation; and (f) plaintiff jumping around in the pleading back and forth from one alleged violation to another and back again, rather than alleging one distinct claim at a time without overlap and repetition.[1]

Plaintiff instead must provide a short and plain statement of the *operative factual allegations* supporting each claim separately, without unnecessary prolix detail. A pleading is used to allege the facts supporting a claim for relief; it is not a proper place for legal argument and citation. Nor need plaintiff establish in explicit detail that he has

---

[1] The Court implies no disrespect to the practitioners of Kripalu and Siddha Yoga, to plaintiff's feelings, or otherwise. Rather, plaintiff simply must focus his pleading on the operative factual allegations necessary to state claims for relief, *i.e.,* without unnecessary and prolix detail.

satisfied the administrative exhaustion requirement. Alleged lack of exhaustion is an affirmative defense that must be raised by the defendants; it is not a pleading requirement. *Jones v. Bock*, 549 U.S. 199 (2007). Plaintiff thus need not detail the grievance history on the alleged violations.

Moreover, as the instructions require, plaintiff must state each constitutional violation in a separate count. Plaintiff instead included at least nine distinct constitutional violations in three counts in the pleading, again jumping around from one to another over the course of the pleading. Plaintiff can add counts to the three counts in the complaint form by crossing out the number (I, II, or III) in the blank form pages and writing in a new number (IV, etc.). If plaintiff files an amended complaint in response to this order that combines more than one constitutional violation in a single count, the Court will consider only the first constitutional violation alleged and will disregard all remaining alleged incidents. Plaintiff must follow the instructions for the complaint form and the orders of the Court.

In addition, the instructions direct the plaintiff to not file exhibits with the pleading. Plaintiff may not incorporate documents by reference in stating his allegations. Plaintiff must allege the *operative* facts within the body of the counts themselves, without incorporating other documents. Plaintiff needs neither 32 pages of text nor 50 pages of exhibits to provide a short and plain statement of the operative factual allegations supporting his claims.

The Court will dismiss the current prolix pleading under Rule 8(a) and will give plaintiff an opportunity to file a proper pleading. If plaintiff cannot provide a short and plain statement of his claims in response to this order as directed, the Court will enter final judgment dismissing the action without further advance notice.

II.  **MOTION FOR SCREENING**

The Court will deny defendants' motion for screening, which was filed twenty days after the amended complaint, as both moot and unnecessary. As defendants note, the Court stated in the order severing this action from another that it would screen

5

the individual pleadings in each severed action. The Court disfavors a motion that seeks to remind it to do something that is done as a matter of course pursuant to § 1915A. Defendants are under no obligation to answer until ordered to do so.

### III. CONCLUSION

It is therefore ordered that the amended complaint is dismissed without prejudice under Rule 8(a) of the Federal Rules of Civil Procedure, subject to an opportunity to file an amended pleading correcting the deficiencies in the pleading. It is further ordered that plaintiff shall have thirty (30) days within which to mail an amended complaint to the Clerk for filing correcting the deficiencies in the prior pleading. If plaintiff does not timely mail an amended complaint that corrects the deficiencies in the prior pleading, final judgment will be entered dismissing the action without further advance notice.

It is further ordered that plaintiff shall clearly title any amended complaint filed as such by placing the word "SECOND AMENDED" immediately above "Civil Rights Complaint" on page 1 and shall place the docket number, 3:13-cv-00357-MMD-VPC, above the word "SECOND AMENDED" in the space for "Case No." Under Local Rule LR 15-1, any amended complaint must be complete in itself without reference to prior filings. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the pleading no longer will be before the Court.

It is further ordered that defendant's motion (dkt. no. 17) for screening is denied as unnecessary and moot.

The Clerk shall send plaintiff (2) two copies of a civil rights complaint form, one (1) copy of the instructions for the form, and one (1) copy of his amended complaint (dkt. no. 16).

DATED THIS 23rd day of May 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE