UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| KEVIN POPE, | Case No. 3:13-cv-00357-MMD-VPC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JACK PALMER, et al., | |
| Defendants. | |

This prisoner civil rights action comes before the Court on plaintiff's motion (dkt. no. 27) for reconsideration and motion (dkt. no. 28) for appointment of counsel.

The motion for reconsideration will be denied. The May 23, 2014, screening order directed plaintiff to file an amended complaint because the prior pleading was prolix and failed to follow the instructions for the required complaint form. Nothing in the Court's screening order in the prior joined action directed plaintiff to file a prolix pleading that did not comply with the instructions. Plaintiff has filed a pleading with, *inter alia*, too much content notwithstanding his alleged health difficulties, limitations on law library access, and no current access to discovery. He certainly can file a pleading without excess content notwithstanding such alleged limitations. Plaintiff's *pro se* status does not relieve him from complying with the required pleading standards under the federal rules, the local rules, and the instructions for the required complaint form. Nothing otherwise is implied or reflected by the Court's orders herein other than that plaintiff must file a compliant pleading.

Plaintiff has been informed of the deficiencies in the current pleadings and been provided an opportunity to correct the deficiencies. If he does not do so within the extended time allowed by this order, final judgment will be entered dismissing this action without further advance notice.

The motion for appointment of counsel will be denied. There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998)(*en banc*). The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an attorney represent an indigent civil litigant. *See, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Yet the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. United States District Court*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *E.g., Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.* Neither of these factors is determinative and both must be viewed together before reaching a decision. *Id.*

In the present case, looking to both the likelihood of success and plaintiff's ability to articulate the claims presented, the Court does not find that exceptional circumstances exist in this case. As noted above, the alleged impediments to which plaintiff refers have not prevented him from filing a proper person pleading with too much content. They will not prevent him from filing a proper person pleading with less. The motion for appointment of counsel therefore will be denied.

///

It is therefore ordered that plaintiff's motion for reconsideration (dkt. no. 27) and motion for appointment of counsel (dkt. no. 28) both are denied.

It is further ordered that the time for plaintiff to mail an amended complaint to the Clerk for filing in response to the prior screening order is extended up to and including thirty (30) days from entry of this order. If plaintiff does not timely mail an amended complaint that corrects the deficiencies in the prior pleading, final judgment will be entered dismissing the action without further advance notice.

DATED THIS 20th day of June 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE