UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KEVIN POPE, | Case No. 3:13-cv-00357-MMD-VPC |
| Plaintiff, | ORDER |
| v. | |
| JACK PALMER, et al., | |
| Defendants. | |

This prisoner civil rights action comes before the Court following upon plaintiff's failure to file an amended complaint complying with the Court's screening order as well as upon, *inter alia*, a motion to dismiss (dkt. no. 30) filed by defendants.

I.     BACKGROUND

This action was severed from a joint action filed by three co-plaintiffs. As part of the severance, the Court directed plaintiff to file an amended complaint that, *inter alia*, set forth only his individual claims.

Plaintiff filed an amended complaint, which the Court thereafter screened. The Court's May 23, 2014, screening order dismissed the amended complaint with an opportunity to amend. The Court dismissed the amended complaint without prejudice because the pleading: (a) was overly prolix and thus failed to provide a short and plain statement of the grounds for relief in compliance with Rule 8(a)(2) of the Federal Rules of Civil Procedure; and (b) failed to comply with the instructions for the complaint form required under the local rules. (*See* dkt. no. 26, at 2-5.) The order clearly informed plaintiff: "If plaintiff cannot provide a short and plain statement of his claims in response

to this order as directed, the Court will enter final judgment dismissing the action without further advance notice." (Dkt. no. 26, at 5.)

Plaintiff filed a motion for reconsideration and a motion for appointment of counsel. The Court denied both. The order denying reconsideration stated, *inter alia*:

> The motion for reconsideration will be denied. The May 23, 2014, screening order directed plaintiff to file an amended complaint because the prior pleading was prolix and failed to follow the instructions for the required complaint form. Nothing in the Court's screening order in the prior joined action directed plaintiff to file a prolix pleading that did not comply with the instructions. Plaintiff has filed a pleading with, *inter alia*, too much content notwithstanding his alleged health difficulties, limitations on law library access, and no current access to discovery. He certainly can file a pleading without excess content notwithstanding such alleged limitations. Plaintiff's *pro se* status does not relieve him from complying with the required pleading standards under the federal rules, the local rules, and the instructions for the required complaint form. Nothing otherwise is implied or reflected by the Court's orders herein other than that plaintiff must file a compliant pleading.
>
> Plaintiff has been informed of the deficiencies in the current pleadings and been provided an opportunity to correct the deficiencies. If he does not do so within the extended time allowed by this order, final judgment will be entered dismissing this action without further advance notice.

(Dkt. no. 29, at 1-2.)

The extended period for *mailing* an amended complaint to the Clerk for filing ran through Monday, July 21, 2014.

Approximately three weeks later, on August 13, 2014, respondents filed a motion to dismiss based upon plaintiff's failure to file an amended complaint. The filing of the motion led to issuance of a *Klingele* minute order and delay occasioned by the briefing cycle on the motion.

Plaintiff has filed a response to the motion, as discussed further *infra*.

II.   **DISCUSSION**

Plaintiff's response to the motion to dismiss further confirms that plaintiff does not intend to file an amended complaint correcting the deficiencies identified in the prior screening order. The Court denied a motion for reconsideration and extended the time to amend following that denial. That time has expired. In his opposition to the motion to

1  dismiss, plaintiff continues to rehash his arguments as to why he should not be required

2  to amend.

3       The time for amendment — as well as for further argument seeking

4  reconsideration — has passed.

5       Plaintiff, on the one hand, asserts that he has been providing legal assistance to

6  other inmates since 1975, after completing a three-year correspondence paralegal

7  course. On the other hand, he once again maintains that he is incapable of amending

8  the petition without appointed counsel, assistance from others trained in the law, and/or

9  more access to the prison law library.

10       Since the screening order, plaintiff has filed a five-page objection to the

11  screening order and now a clearly-worded fifteen-page opposition to the motion to

12  dismiss with extensive case citation and legal argument. His filings clearly demonstrate

13  the capacity to access the courts and file a compliant pleading. Plaintiff's continuing

14  protestations that he is unable to do so because of his age, alleged medical disabilities,

15  and lack of adequate access to a law library or trained legal assistance are belied by his

16  own filings. His filings continue to demonstrate his capacity to amend an overly prolix

17  thirty-two page pleading in compliance with Rule 8(a)(2) and now multiple orders of this

18  Court.

19       Further to the crux of the matter, plaintiff maintains that — in all of his extensive

20  legal experience dating back to 1975 — he never has been required to amend a

21  complaint for the reasons required by the Court in this case. He maintains that he is

22  being required to engage in "notice pleading" and that he "is not capable of 'notice

23  pleading.'" (Dkt. no. 32, at 4.)

24       Federal civil pleading *is* notice pleading. *E.g., Starr v. Baca,* 652 F.3d 1202,

25  1212-15 (9th Cir. 2011). Under governing law that was plainly outlined in the screening

26  order, the notice pleading requirements of Rule 8(a) can be violated not only "when a

27  pleading says *too little*" but also "when a pleading says *too much.*" *Knapp v. Hogan,* 738

28  F.3d 1106, 1109 (9th Cir. 2013), *petition for cert. filed* 82 U.S.L.W. 3654 (Mar. 26,

1 2014)(emphasis in original). As clearly stated in the screening order, the amended

2 complaint in this action, *inter alia*, says, far, too much, and unnecessarily so.

3        If plaintiff at least believes that he is incapable of notice pleading that complies

4 with the Federal Rules, that does not leave the action at an unresolvable impasse. If,

5 after having been given an opportunity to file an amended pleading that complies with

6 the requirements of Rule 8(a), including subparagraph (2), a plaintiff does not do so, the

7 violation of the rule "warrants dismissal." *Knapp*, 738 F.3d at 1109.

8        The Court accordingly will dismiss this action for failure to comply with Rule

9 8(a)(2), the instructions for the Court's required complaint form, and the prior orders of

10 this Court.

11        In dismissing the action without prejudice, the Court has considered the public's

12 interest in expeditious resolution of litigation, the need to manage its docket, the risk of

13 prejudice to the defendants, the public policy favoring disposition of cases on their

14 merits, and the possible availability of actions other than dismissal.

15        Plaintiff has been clearly informed of the deficiencies in the amended complaint,

16 has been advised of the consequences from a failure to remedy those deficiencies, and

17 has been provided an extended opportunity to comply. He has let the extended deadline

18 pass while clearly reflecting his intent to not comply and while asserting an inability to

19 do so that is belied by the record. The public interest in expeditious resolution of

20 litigation and the Court's need to manage its docket in applying limited judicial resources

21 both are disserved by continued proceedings herein. The prejudice to the defendants

22 from being required to respond to prolix pleadings further has been clearly recognized

23 under controlling law. *See Knapp*, 738 F.3d at 1109 (referring to the unfair burden

24 imposed on litigants and judges). These factors outweigh the public policy otherwise

25 favoring disposition of cases on their merits in the circumstances presented. There are

26 no possible available actions other than dismissal that will address the situation, as

27 plaintiff must amend for the action to proceed forward and he has reflected his intent to

28 not do so.

1      This action therefore will be dismissed.

2   **III.    ADDITIONAL ADMONITION TO THE ATTORNEY GENERAL**

3      The Attorney General previously filed a motion for screening in this matter —

4   only twenty (20) days after the filing of the pleading in question. The Court denied that

5   motion as unnecessary. The order stated: "The Court disfavors a motion that seeks to

6   remind it to do something that is done as a matter of course . . . . Defendants are under

7   no obligation to answer until ordered to do so." (Dkt. no. 26.)

8      With regard to the present motion to dismiss, an inmate's deadline is a deadline

9   by which they must *mail* a response by delivering it to the appropriate authorities within

10  the prison. *See, e.g., Houston v. Lack*, 487 U.S. 266 (1988) (prison mailbox rule). There

11  can be any number of delays after an inmate hands a mailing to the appropriate

12  authorities. The mailing in fact must be tendered to the postal service from within the

13  prison. There then may be delays in the mail itself. Thereafter, once the hard copy is

14  received and stamped "filed" by the Clerk, the paper then must be imaged and docketed

15  onto the electronic docketing system. That system otherwise is configured for

16  instantaneous electronic filings, and a hard copy filing must be manually processed by a

17  number of personnel before it is actually entered and docketed on the electronic docket

18  sheet. Thus, in chambers, the electronic docket sheet may show that no response has

19  been entered and docketed at a time when the paper in fact has been filed but is

20  working its way through the imaging and docketing process.

21     The Court thus typically does not take immediate action on the day following the

22  expiration of a deadline in a prisoner case. The Court allows an indeterminate amount

23  of time to pass to allow for possible mailing and docketing delays — which,

24  occasionally, may total several weeks in the aggregate.

25     The filing of an unnecessary motion to dismiss such as the present motion does

26  not expedite action following the expired deadline. Rather, the motion instead generates

27  another briefing cycle as to which the Court then must allow yet additional time for

28  possible mailing and docketing delays on the inmate's response to *that* filing.

1   If a matter has been pending for screening for more than sixty (60) days, or if a

2   response deadline passed more than sixty (60) days, the proper procedure to bring that

3   matter to the Court's attention is set forth in Local Rule LR 7-6(b). The rule provides that

4   a party may send a letter to the Court at the expiration of sixty (60) days after any

5   matter has been, or should have been, submitted if the Court has not entered a written

6   ruling.  Such letters bring the matter to the Court's attention in a manner that does not

7   further delay the proceedings by the initiation of additional motions with additional

8   briefing cycles.

9   The motion to dismiss therefore will be denied as moot and unnecessary.

10  **IV.   CONCLUSION**

11  It is ordered that this action shall be dismissed without prejudice for failure to

12  state a claim upon which relief may be granted in compliance with Rule 8(a)(2), for

13  failure to comply with the instructions for the complaint form required by the local rules,

14  and for failure to comply with the orders of this Court.

15  It is further ordered that plaintiff's application to proceed *in forma pauperis* (dkt.

16  no. 1) is granted as per the remaining provisions herein, without payment of an initial

17  partial filing fee installment.  However, notwithstanding the dismissal of this action, the

18  full $350.00 filing fee must be paid pursuant to 28 U.S.C. § 1915(b)(2).[1]

19  It is further ordered that the movant herein is permitted to maintain this action to

20  conclusion without the necessity of prepayment of any additional fees or costs or the

21  giving of security therefor. This order granting *forma pauperis* status shall not extend to

22  the issuance of subpoenas at government expense.

23  It is further ordered that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada

24  Department of Corrections shall pay to the Clerk of the United States District Court,

26  [1]Action on the pauper application was deferred pending possible participation in
the inmate early alternative dispute program following screening.  An action, such as the
27  present one, that does not clear screening, however, remains subject to the fee
payment provisions of the Prison Litigation Reform Act, notwithstanding the dismissal in
28  screening.

6

District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that defendants' motion to dismiss (dkt. no. 30) is denied as moot and unnecessary.

It is further ordered that all remaining pending motions herein, including dkt. nos. 19, 20, and 33, are denied as moot.[2]

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED THIS 8th day of September 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff recently filed a motion to raise his prison legal copy credit limit (dkt. no. 33). The form motion states that plaintiff does not seek a "blanket order," but the motion nonetheless seeks an unrestricted order to allow copies on credit for "documents relevant to the instant proceeding." That is what a blanket order is — an unrestricted order with no quantitative limit. Over and above the fact that the motion is mooted by the dismissal of the action, the motion fails to demonstrate a particularized need for specified copying on credit in a determinate amount. Nor does the motion demonstrate that the copy credit limit in fact has been exceeded, such as via a denial of a request for legal copying. Plaintiff otherwise has demonstrated his ability to file extensive papers — including copied papers — notwithstanding the alleged limitation.