1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9    KEVIN POPE,                                    Case No. 3:13-cv-00357-MMD-VPC

10                               Plaintiff,                    ORDER

11         v.

12    JACK PALMER, et al.,

13                               Defendants.

14         This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On

15    September 8, 2014, the Court issued an order (dkt. no. 34) dismissing this action

16    without prejudice for failure to file a second amended complaint pursuant to this Court's

17    order dated May 23, 2014, which set forth the deficiencies in the first amended

18    complaint (dkt. no. 26). Judgment was entered on September 9, 2014 (dkt. no. 35).

19    Before the Court is plaintiff's motion for reconsideration of the order dismissing his case

20    (dkt. no. 36).[1]

21         Where a ruling has resulted in final judgment or order, a motion for

22    reconsideration may be construed either as a motion to alter or amend judgment

23    pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from

24    judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v.*

25    *AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

26
27
28

---

[1]The same day plaintiff filed his motion for reconsideration he also filed a notice of appeal with the Ninth Circuit Court of Appeals (*see* dkt. no. 37). The Ninth Circuit issued an order holding its proceedings in abeyance pending this Court's ruling on the motion for reconsideration (*see* dkt. no. 41).

1    Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or

2    order for the following reasons:

3        (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
         discovered evidence that, with reasonable diligence, could not have been
4        discovered in time to move for a new trial under Rule 59(b); (3) fraud
         (whether previously called intrinsic or extrinsic), misrepresentation, or
5        misconduct by an opposing party; (4) the judgment is void; (5) the
         judgment has been satisfied, released, or discharged; it is based on an
6        earlier judgment that has been reversed or otherwise vacated; or applying
         it prospectively is no longer equitable; or (6) any other reason that justifies
7        relief.

8    Motions to reconsider are generally left to the discretion of the trial court. *See Combs v.*

9    *Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a

10   motion to reconsider, a party must set forth facts or law of a strongly convincing nature

11   to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of*

12   *Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on*

13   *other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil

14   Procedure provides that any "motion to alter or amend a judgment must be filed no later

15   than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P.

16   59(e) "should not be granted, absent highly unusual circumstances, unless the district

17   court is presented with newly discovered evidence, committed clear error, or if there is

18   an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th

19   Cir. 2001), quoting *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

20        This Court dismissed plaintiff's first amended complaint with leave to amend and

21   directed plaintiff to file a second amended complaint within thirty (30) days that

22   corrected the deficiencies identified by the Court (dkt. no. 26). Instead, plaintiff filed a

23   motion for reconsideration of that order (dkt. no. 27). The Court denied the motion for

24   reconsideration and gave plaintiff an additional thirty (30) days to file a second amended

25   complaint (dkt. no. 29). Plaintiff failed to file a second amended complaint, and, after

26   more than twice the allotted time had elapsed, the Court entered an order dismissing

27   the action without prejudice (dkt. no. 34). Plaintiff then filed the instant motion for

28   reconsideration of the order dismissing this action (dkt. no. 36). However, as plaintiff

never filed a second amended complaint, there is nothing new for this Court to reconsider. Plaintiff essentially seeks a second reconsideration of the order directing him to file a second amended complaint. Plaintiff has failed to make any showing under either Rule 60(b) or 59(e) that this Court's order dismissing this action should be reversed. Accordingly, plaintiff's motion for reconsideration (dkt. no. 36) is denied.

Plaintiff has also filed a second renewed motion for copywork (dkt. no. 42) as well as a renewed motion for appointment of counsel (dkt. no. 43). However, as the motion for reconsideration is denied, this action remains closed, and this Court has no jurisdiction to consider these motions. The Ninth Circuit has already granted plaintiff an extension of the copywork limit in the appeal of this case, and plaintiff must file any motion seeking a further extension of the copywork limit or the appointment of counsel with the Ninth Circuit.  Accordingly, plaintiff's motions are denied.

It is therefore ordered that plaintiff's motion for reconsideration (dkt. no. 36) is denied.

It is further ordered that plaintiff's renewed motion to extend prison copywork limit (dkt. no. 42) and renewed motion for appointment of counsel (dkt. no. 43) are both denied.

It is further ordered that plaintiff shall file no more documents in this closed case.

DATED THIS 7th day of April 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2